IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Shawn Richards Bey, <br><br> Plaintiff, <br><br> v. <br><br> MUSC Health University Medical Center; Octavia Nicole Washington; and the North Charleston Police Department, <br><br> Defendants. | Case No. 2:24-3990-RMG <br><br><br> **ORDER** |

This matter comes before the Court on a Report and Recommendation ("R & R") from the Magistrate Judge recommending the denial of Plaintiff's motion for a temporary restraining order and preliminary injunction and the dismissal of this action without leave to amend. (Dkt. No. 10). Plaintiff did not file any objections to the R & R.

**I.      Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

1

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Discussion

This action arises out of Plaintiff's disagreement with the treatment rendered to his minor daughter by the Medical University of South Carolina after the child was diagnosed with leukemia. Informed consent for the treatment was provided by the minor child's natural mother. Plaintiff seeks to have the Court halt the child's ongoing medical treatment. Plaintiff bases his claims on an alleged "trust" created by Plaintiff and Defendant Washington pursuant to the "national ecclesiastical trust indenture law" of the Moorish Nation. Under this "trust," Plaintiff claims he holds the exclusive right to be the decisionmaker and custodian in regard to the minor child. (Dkt. No. 1-2 at 5).

The R & R describes the claim as "frivolous" and rooted in the sovereign citizens movement. (Dkt. No. 10 at 10). Under the sovereign citizens movement, proponents claim to have a special status in the United States due to their association with the Moorish Nation. The Magistrate Judge noted the consistent legal precedent finding that such claims have no legal merit and are frivolous. (*Id*.) The R & R further noted that the dispute raised by Plaintiff is essentially a matter of parental rights and domestic relations, and it is well settled that the federal courts abstain from hearing child custody related matters. (*Id*. at 11-12). The Magistrate Judge recommended the Court dismiss this action without leave to amend and to deny the pending motions for temporary relief. (*Id*. at 14-15).

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly determined that the Court has no jurisdiction over this matter and the claim of special status or rights arising from an affiliation with the Moorish Nation has no legal merit.

The Court adopts the R & R (Dkt. No. 10) as the order of the Court, denies Plaintiff's motions for a temporary restraining order and preliminary injunction (Dkt. Nos. 4, 5), and dismisses this action without leave to amend.

    **AND IT IS SO ORDERED.**

_s/ Richard Mark Gergel_<br>
Richard Mark Gergel<br>
United States District Judge

August 21, 2024
Charleston, South Carolina